```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
DIANA DYSON,                                                  :
                                Plaintiff,                    :
                                                              :           23 Civ. 9952 (LGS)
                -against-                                     :
                                                              :                 ORDER
CURTIS BENTON,                                                :
                                Defendant.                    :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Complaint states that jurisdiction in this matter arises under 28 U.S.C. § 1332 and alleges that the parties are completely diverse, with Plaintiff a citizen of New York and Defendant a citizen of North Carolina. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . in other words the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction, and it must prove jurisdiction by a preponderance of evidence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019);

WHEREAS, Defendant was served process at an address in Mount Vernon, New York. Defendant's Answer, filed on December 6, 2023, provides the same New York address;

WHEREAS, federal courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Hunter v. McMahon*, 75 F.4th 62, 66 (2d Cir. 2023). "When subject matter jurisdiction is lacking, the district court lacks the power to adjudicate the merits of the case" and must accordingly dismiss the action without prejudice. *Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021);

WHEREAS, a hearing was held on January 29, 2024, to determine Defendant's domicile for the purposes of diversity jurisdiction;

WHEREAS, "diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships. Complete diversity requires that all plaintiffs be citizens of states diverse from those of all defendants." *Van Buskirk*, 935 F.3d at 53. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . in other words the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* "A person has only one domicile at any given moment, though it may change. For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed." *Id.* "[R]esidence alone is insufficient to establish domicile for jurisdictional purposes." *Id.* at 54;

WHEREAS, "[t]o determine domicile, a court must consider the entire course of a person's conduct in order to determine the relevant intent." *Greer v. Carlson*, No. 20 Civ. 5484, 2020 WL 8340068, at *3 (S.D.N.Y. Dec. 24, 2020). Among the conduct courts in the Second Circuit consider are: where a person maintains, insures and pays taxes on his place of residence; whether the person rents or owns his place of residence; how often a person travels to an alleged place of domicile; where a person maintains strong social and familial ties; where a person maintains a driver's license or identification card; where a person receives medical treatment or other professional services like legal or accounting; where a party pursues religious activities; voting registration and voting practices; the location of real and personal property; where taxes are paid; and the location of brokerage and bank accounts. *See Suedrohrbau Saudi Co. v. Bazzi*, No. 21-2307-CV, 2023 WL 1807717, at *3 (2d Cir. Feb. 8, 2023) (summary order); *Greer*, 2020 WL 8340068, at *5;

WHEREAS, at the January 29, 2024, hearing, Defendant testified under oath that he lives

primarily in Mount Vernon, New York, in an apartment with his parents.  He pays rent to his parents.  He has a New York state driver's license.  He keeps a bank account in the Bronx.  He sees a primary care physician in Westchester County and a dentist in the Bronx.  He files state tax returns in New York, where he is also registered to vote.  Defendant estimates that he spends twelve to fourteen days a month in North Carolina, where he works remotely from his son's residence, as a housing director for the Doe Fund.  He flies between New York and North Carolina and keeps belongings in both states.  When he is not working from North Carolina, his work often has him in Manhattan or the Bronx;

WHEREAS, the preponderance of the evidence favors a finding that Defendant is domiciled in the State of New York.  Plaintiff and Defendant are both domiciled in New York, destroying diversity.  The Complaint does not state any cause of action implicating federal law.  It is hereby

**ORDERED** that the case is dismissed without prejudice for lack of subject matter jurisdiction.  *Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 106 (2d Cir. 2022) ("[D]ismissals for lack of subject-matter jurisdiction must be without prejudice . . . .").  Any pending motions are DENIED as moot.

The Clerk of Court is respectfully directed to terminate the case.

Dated: February 20, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE